# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

QUINTON MARQUISE COTTRELL,

   Plaintiff,

   v.

BALTIMORE COUNTY POLICE STATION (WOODLAWN),

   Defendant.

Civil Action No. ELH-21-1493

## MEMORANDUM

Plaintiff Quinton Marquise Cottrell is incarcerated at the Baltimore County Detention Center. He has filed suit against the "Baltimore County Police Station (Woodlawn)," pursuant to 42 U.S.C. § 1983, alleging that on December 17, 2020, he was hit by a Baltimore County Police car while he was in Baltimore City, where he was arrested and taken to jail. ECF 1 at 2. He was later taken to Sinai Hospital. He states that he received injuries to his lower and middle back and is being treated at the Towson Detention Center. *Id*. He asks that he be placed on home detention so that he can receive proper treatment and that he be paid for his injuries. *Id*. at 4.

For the reasons discussed below, Cottrell's Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Cottrell will be provided with an opportunity to file an amended complaint to correct the deficiencies, as discussed below.

**Discussion**

**A.**

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this court to conduct an initial screening of this Complaint and to dismiss it if it (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020). Here, the Complaint is deficient because Cottrell names as the sole defendant the "Baltimore County Police Station (Woodlawn)" and does not explain how his constitutional rights were violated by the conduct alleged.

Defendant Baltimore County Police Station (Woodlawn) is not a "person" subject to suit under 42 U.S.C. § 1983. That section states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. §1983 (emphasis supplied).

A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See*, *e.g.*, *Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that

"[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and the Baltimore County Police Station (Woodlawn) is not a person within the meaning of the statute.

To the extent Cottrell seeks to sue the Baltimore County Police Department such a claim must be dismissed because Baltimore County Police Department, a department within Baltimore County, is not an independent legal entity that may be sued in its own name. Therefore, Cottrell's claims against it must be dismissed. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002).

**B.**

Maryland substantive law determines whether an entity possesses the legal capacity to be sued. *See Chrysler Credit Corp. v. Superior Dodge, Inc.,* 538 F.2d 616, 617-18 (4th Cir. 1976). Under Md. Code, § 9-201(2) of the Local Government Article, charter counties of Maryland, such as Baltimore County, may "sue and be sued." Section 103 of the County Charter provides, in part: "The corporate name <u>shall</u> be 'Baltimore County, Maryland,' and it <u>shall</u> thus be designated in <u>all</u> actions and proceedings touching its rights, powers, properties, liabilities and duties." (Emphasis added). The Baltimore County Police Department is a department within Baltimore County government. Thus, it is not amenable to suit in its own name. *See Farmer v. Baltimore Cty. Dep't of Corrs.*, Civil Case Nos. CCB-11-2126, 2012 WL 3155650 *3 (D. Md. July 31, 2012); *Cty. Council for Montgomery County v. Supervisor of Assessments of Montgomery County*, 274 Md. 116, 123, 332 A.2d 897 (1975) ("County Council" is not a separate legal entity that can sue or be sued); *Ashburn v. Anne Arundel County*, 306 Md. 617, 620, 510 A.2d 1078 (1986) (noting the

3

circuit court had determined "Anne Arundel County Police Department was not a separate legal entity" subject to suit).

A complaint drafted by a self-represented plaintiff is held to a less stringent standard than those drafted by attorneys. A plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Cottrell shall be provided with an opportunity to file an amended complaint, due within 28 days of the date of the corresponding Order, to include the necessary allegations regarding his claims.

To comply with the Federal Rules of Civil Procedure, the suit must contain, at a minimum, the names of proper party defendants, including the individuals he claims are responsible for the alleged wrongdoing; the dates of the alleged incidents; and the facts supporting his claim as to each named individual. Plaintiff must also include a short and plain statement of the claim that shows he is entitled to relief and a request for relief. *See* Fed. R. Civ. Proc. 8(a). He must also provide the names of each defendant. *See* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

An amended complaint generally replaces the original complaint filed. *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). The general rule is that "'an amended pleading ordinarily

supersedes the original and renders it of no legal effect.'" *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Therefore, the amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action, to which defendants must respond.

### C.

Plaintiff is forewarned that an amended complaint must meet the requirements set forth above or he will face dismissal of the suit, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Further, he is forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

An Order follows.

Date: July 13, 2021                                          /s/
                                                             Ellen L. Hollander
                                                             United States District Judge